**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert K Rickman, | No. CV-19-00420-TUC-DCB |
| Plaintiff, | **ORDER** |
| v. | |
| United States Government Veteran Affairs San Diego Healthcare System, et al., | |
| Defendants. | |

Plaintiff brings this action under the Federal Tort Claims Act (FTCA) against the Defendants, the United States Veteran Affairs San Diego Healthcare System and Dr. Stephen Kaiser, and the United States Veteran Affairs Iowa City Healthcare System and Dr. David Phillips. The United States Attorney has filed several motions on behalf of all Defendants, but has not sought to have the United States substituted in place of the individually named doctors. Before the United States can be substituted for the doctors as the sole Defendant in the case, the Government must certify that the doctors were acting within the scope of their employment.

The Plaintiff has not served the individual doctors. Under Rule 4(m) of the Federal Rules of Civil Procedure, the individually named doctors are subject to dismissal for lack of service 90 days from the filing date of the Complaint. Rather than dismissing them, however, the Court finds good cause to extend the time for service because the Government has suggested in its Motion for Change of Venue that it will seek substitution in the case. Nevertheless, until the substitution, the Plaintiff must serve the individual Defendants.

The Defendants filed the Motion for Change of Venue (Doc. 7), the Plaintiff objected. The Defendants sought two extensions of time to Reply (Docs. 11 and 14) and filed a Supplement and additional attachments to the Motion for Change of Venue, accompanied by a Motion to Seal the attachments (Doc. 13), filed the Reply, and filed a Motion to Extend the Time to Answer (Doc. 12), pending the Court's disposition of the venue question. The Court grants the extensions of time, seals the attachments to the Motion for Change of Venue, and grants the change of venue. The Court explains its reasons below.

The Government asserts that the alleged negligent treatment occurred in Iowa and that the only relationship Arizona has to the claim is that Plaintiff currently resides here. The Defendants seek a change in venue to Iowa. Plaintiff objects to the change and argues that he would be unable to litigate the case if it is moved to Iowa.

The Plaintiff alleges that he received negligent care and treatment at the VA in San Diego from Doctor Kaiser, who prescribed Seroquel, which Plaintiff alleges caused blindness in his left eye. The condition, Non-Arteritis Anterior Ischemic Optic Neuropathy, NAAION, was diagnosed by Dr. Phillips at the Iowa Veteran Affairs facility. Allegedly, Dr. Phillips negligently failed to treat the NAAION condition rendering the Plaintiff permanently blind in his left eye. According to the Government, the main allegations concern the care provided to Plaintiff at the Iowa VA, and therefore, the case should be transferred to the Iowa venue. The Plaintiff correctly argues that the Complaint includes claims arising in both California and Iowa. The Court does not address the Defendants suggestion that Plaintiff may have failed to include the California allegations in his administrative claim.

Under 28 U.S.C. § 1404(a), the Court may, in the interest of justice and for the convenience of parties and witnesses, transfer this action to any other district where the action might have been brought. The action might have been brought in the Southern District of Iowa.

The purpose of § 1404(a) is to prevent waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense. *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964). Transferring venue is a matter of discretion for this Court, but Defendant has the burden to make a strong showing of inconvenience before a transfer is allowed. *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). Plaintiff's choice of forum is generally given substantial weight when it is the district in which the plaintiff resides. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). However, if the chosen forum is not exclusively the place where the cause of action arose, the Plaintiff's choice of forum is only given consideration equal to other factors, including the interest of justice. *Pacific Car & Foundry Comp v. Pence*, 403 F.2d 949, 954 (9th Cir. 1968); *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987).

This cause of action did not arise in Arizona, and the only connection is that Plaintiff's current treating physicians reside here. There is, however, no suggestion that the blindness in his left eye is a progressive condition; he alleges the blindness is permanent. Accordingly, the forum chosen by Plaintiff is not conclusive. It is but one of many factors this Court must consider to decide Defendants' Motion for Change of Venue.

The convenience and fairness of a venue transfer is measured according to the private interests of the litigants and the public interests of the Court. The private factors include: the relative ease of access to sources of proof; the availability of compulsory process for attendance of unwilling witnesses; the cost of obtaining attendance of willing witnesses; the possibility of view of premises, if necessary; and all other practical problems that make trial of a case easy, expeditious and inexpensive. The public factors include: administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; familiarity in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws or in the application of foreign law and the unfairness of burdening citizens in an unrelated forum with jury duty. *Decker Coal,* 05 F.2d at 843 (relying on *Piper Aircraft*, 454 U.S. at

241 n. 6 (relying on *Gulf Oil Corp v. Gilbert.*, 330 U.S. 501, 509 (1947) *superseded by statute* 28 U.S.C. 1404(a)). In short, the factors to be considered in determining whether a motion to transfer should be granted are: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; and (4) the interests of justice. *Los Angeles Mem'l Coliseum Comm. v. NFL.*, 89 F.R.D. 497, 499 (Calif. 1981).

The Court is especially sensitive to the Plaintiff's plea to keep the action here because the cost of litigating it in Iowa will make it prohibitive for him to maintain the action. A motion to transfer venue should not be used to "merely shift rather than eliminate the inconvenience." *DIRECTV, Inc. v. EQ Stuff, Inc.*, 207 F.Supp.2d 1077, 1084 (C.D.Cal.2002) (quoting *Decker Coal Co.,* 805 F.2d at 843). The Court does not, however, believe that transferring venue to Iowa will merely shift inconvenience. Unfortunately, the nature of the Plaintiff's case makes Iowa the best venue to secure justice. Plaintiff is correct that in this day and age of electronic record keeping, the cost of securing records will be the same whether venue is here, in Iowa, or California. What tips the scale in favor of the Iowa venue is the convenience of witnesses, especially third-party witnesses, and to ensure the interests of justice can be secured at the time of trial. The convenience of witnesses is often the most important factor in determining whether a § 1404 transfer is appropriate. *See, e.g., Denver & Rio Grande Western Ry. Co. v. Brotherhood of Railroad Trainmen*, 387 U.S. 556, 560 (1967) (describing venue as "primarily a matter of convenience of litigants and witnesses"); *A.J. Industries v. U.S. District Court*, 503 F.2d 384, 386–87 (9th Cir.1974) (discussing the importance and history of the convenience of witnesses in evaluating a § 1404 transfer); *Decter v. MOG Sales, LLC, No. CV 06–1738 MCE GGH*, 2006 WL 3703368, *2 (Calif. Dec. 14, 2006) (noting "convenience of the witnesses is said to be the most important factor in considering a transfer motion," (citing *Los Angeles Memorial Coliseum Comm'n v. Nat'l Football League*, 89 F.R.D. 497, 501 (C.D.Cal.1981)). This is especially true here because Plaintiff intends to rely on a third-party, Dr. Hayreh with the University of Iowa, as his primary witness to prove that in fact there was alternative treatment available that Dr. Phillips failed to provide to the Plaintiff.

Instead, of calling Dr. Hayreh, the Plaintiff intends to tender interrogatories and use published materials. The Plaintiff asserts that two other third-party witnesses are close friends or family and they are willing to respond to subpoenas.

Federal Rule of Civil Procedure, Rule 45(c), provides this Court with the authority to command a person to attend a trial, hearing, or deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person. Plaintiff's trial would be negatively impacted if he cannot secure third-party witnesses for depositions or trial. It is not clear whether Dr. Hayreh has agreed to respond to Plaintiff's planned interrogatories, but this Court would be unable to command such participation. The other important witnesses will be the treating physicians, who allegedly acted negligently. These doctors, as long as they continue to work for the Government, may be commanded to appear in Arizona, Iowa, or California.

All the witnesses, except the Plaintiff and his current health care providers, will be burdened if the case remains in Arizona, especially the third-party witnesses residing in Iowa will be burdened by heavy travel costs if the case remains here. Witness convenience outweighs the Plaintiff's choice in venue, especially because Arizona has no interest in the merits of the case. Iowa, like California, has a local interest in having localized controversies decided at home. Iowa will have a familiarity with Iowa law that will govern one part of this case, and will be as familiar and capable as this Court in applying California law to the other part of the case. The Court finds that Iowa is, over all, the most convenient venue.

In conclusion, the Court grants the Motion for Change of Venue in the interest of justice based on the reality of the Court's limited subpoena power, including other practical problems with the trial if it remains in this venue like having to present the case by deposition testimony rather than live testimony. This Court also consider the unfairness of

/////

/////

/////

burdening Arizona citizens, in an unrelated forum, with jury duty. The Court transfers this case to Iowa to ensure the interests of justice can be secured at the time of trial.

**Accordingly,**

**IT IS ORDERED** that the Motion to Change Venue/Transfer Case to Southern District of Iowa (Doc. 7) is GRANTED. The Clerk of the Court shall transfer this case to the United States District Court for the Southern District of Iowa.

**IT IS FURTHER ORDERED** that the motions to extend time (Docs. 11, 14) are GRANTED.

**IT IS FURTHER ORDERED** that Motion to Seal the Additional Attachments to the Motion for Change of Venue (Doc. 13) is GRANTED; the Clerk of the Court shall SEAL the Attachments (Doc 8).

**IT IS FURTHER ORDERED** that the Motion to Extend Time to Answer (Doc. 12) is GRANTED, pending this ruling on the Motion to Change Venue. The Defendants shall Answer within 21 days of the filing date of this Order and simultaneously certify that the United States is substituted for the individual Defendant doctors.

**IT IS FURTHER ORDERED** that in the event the United States does not file the certification and move for substitution, this Court finds good cause to extend the time for Plaintiff to serve the doctors, individually, which shall be 30 days following the 21 days herein allowed for the Government to answer the Complaint and certify the substitution.

Dated this 25th day of March, 2020.

_____
Honorable David C. Bury
United States District Judge